**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Narinder Singh Heer, | No. CV-20-00055-PHX-JAT (JFM) |
| Petitioner, | |
| v. | **ORDER** |
| Chad Wolf, et al., | |
| Respondents. | |

Petitioner Narinder Singh Heer, who is detained in the CoreCivic La Palma Correctional Center in Eloy, Arizona, has filed, through counsel, a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and an Emergency Motion to Stay Removal (Doc. 2). The Court will deny the Motion without prejudice and require Respondents to answer the Petition.

**I.     Background**

Petitioner is a native and citizen of India. On June 29, 2019, he entered the United States without inspection at an unknown location and was encountered and taken into custody by the United States Department of Homeland Security (DHS) the same day. (Docs. 1 ¶ 34; 1-2 at 55-56.) Petitioner was determined to be inadmissible to the United States and placed in expedited removal proceedings pursuant to Immigration and Naturalization Act (INA) § 235(b)(1), 8 U.S.C. § 1225(b)(1). (Doc. 1 ¶ 35.) Petitioner expressed a fear of persecution or torture if returned to India and was referred for a credible fear determination.

1    On August 16, 2019, Petitioner received a credible fear interview. (Docs. 1 ¶ 35;

2    1-2 at 34-49.) An asylum officer found Petitioner was credible but that he had not

3    established a credible fear of persecution or torture, in that there was not a significant

4    possibility Petitioner could establish eligibility for asylum, withholding of removal, or

5    protection under Article III of the United Nations Convention Against Torture. (Doc. 1-2

6    at 48-52.) The asylum officer reasoned that "[a]lthough [Petitioner had] established a

7    significant possibility of past persecution on account of his political opinion, there [was]

8    substantial evidence that [Petitioner] could internally relocate and that it would be

9    reasonable for him to do so," and "the record [did] not establish a significant possibility

10   that it is more likely than not [Petitioner would] be subjected to severe pain or suffering in

11   another state of India." (*Id.* at 51.)[1] The determination was approved by a supervisory

12   asylum officer and Petitioner was ordered removed from the United States. (*Id.* at 49.)

13       Petitioner requested review of the credible fear determination by an Immigration

14   Judge (IJ), and on September 27, 2019, the IJ affirmed the asylum officer's credible fear

15   determination. (Doc. 1 ¶ 36.)[2]

16   **II.    Petition**

17       In his Petition, Petitioner names Acting DHS Secretary Chad Wolf, United States

18   Attorney General William Barr, Acting United States Immigration and Customs

19   Enforcement (ICE) Director Matthew T. Albence, Acting United States Immigration and

20   Citizenship Services (USCIS) Director Kenneth Cuccinelli, ICE Phoenix Field Office

21   Director Henry Lucero, and La Palma Correctional Center Warden Chuck Keeton as

22   Respondents.[3] Petitioner brings three grounds for relief and asserts that this Court has

---

[1] The asylum officer also found there was not a significant possibility that Petitioner could establish eligibility for humanitarian asylum based on the severity of the past persecution. (Doc. 1-2 at 51.)

[2] *See* Executive Office for Immigration Review (EOIR) Telephonic Case Status Information System (Ph. 1-800-898-7180) (last accessed Jan. 9, 2020).

[3] Under the rationale articulated in *Armentero, infra*, and in the absence of authority addressing who is the proper respondent in immigration habeas corpus proceedings under § 2241, the Court will not dismiss Respondents or the Petition for failure to name a proper

1  habeas corpus jurisdiction to review his claims pursuant to the Ninth Circuit's decision in

2  *Thuraissigiam v. U.S. Dep't of Homeland Sec.*, 917 F.3d 1097 (9th Cir. 2019), *cert.*

3  *granted*, No. 19-161 (Oct. 18, 2019).[4]

4       In Grounds One and Two, Petitioner claims that his credible fear proceedings denied

5  him a fair and meaningful opportunity to apply for relief in violation of the governing

6  statute and implementing regulations, 8 U.S.C. § 1225(b)(1) and 8 C.F.R. §§ 208.30(d),

7  1208.13(b), and the Due Process Clause of the Fifth Amendment. Petitioner alleges the

8  asylum officer failed to employ the required non-adversarial procedures when conducting

9  his credible fear interview, improperly allocated the burden of proof, and misapplied the

10  relevant regulations and binding case law when evaluating his credible fear claim. In

11  Ground Three, Petitioner requests attorney's fees and costs under the Equal Access to

12  Justice Act.

13       In his demand for relief, Petitioner asks the Court to: (1) determine that his expedited

14  removal order violated his statutory, regulatory, and constitutional rights and, as a result,

15  he is being detained in violation of the law; (2) vacate the expedited removal order; and (3)

16  order that he "be provided a new, meaningful opportunity to apply for asylum and other

17  relief from removal." (Doc. 1 at 18-19.)

18       The Court will require Respondents Wolf, Barr, Albence, Cuccinelli, Lucero, and

19  Keeton to answer the Petition.

20  **III.   Emergency Motion to Stay Removal**

21       In the Ninth Circuit, "a petitioner seeking a stay of removal must show that

22  irreparable harm is probable and either: (a) a strong likelihood of success on the merits and

23

24  respondent at this stage of the proceedings. *See Armentero v. INS*, 340 F.3d 1058, 1071-
73 (9th Cir. 2003) (finding the DHS Secretary and the Attorney General were proper
25  respondents), *withdrawn*, 382 F.3d 1153 (9th Cir. 2004) (order); *see also Rumsfeld v.*
*Padilla*, 542 U.S. 426, 435 n.8 (2004) (declining to resolve whether the Attorney General
26  is a proper respondent in an immigration habeas corpus petition).

27       [4] In *Thuraissigiam*, the Ninth Circuit found that 8 U.S.C. § 1252(e)(2)'s statutory
limitation on habeas corpus review "violate[d] the Suspension Clause as applied to
28  Thuraissigiam," and held "[t]he district court ha[d] jurisdiction and, on remand, should
exercise that jurisdiction to consider Thuraissigiam's legal challenges to the procedures
leading to his expedited removal order." 917 F.3d at 1119.

that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor." *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011) (discussing application of *Nken v. Holder*, 556 U.S. 418, 444 (2009)).

In his Emergency Motion, Petitioner asks the Court to stay his removal from the United States and to enjoin his transfer outside of Arizona for the duration of these proceedings. The Motion will be denied without prejudice. Although Petitioner alleges that he will suffer "grave, irreparable harm if removed" (Doc. 2 at 10), he has not alleged any specific facts indicating that he is at risk of imminent removal, such that he should be granted an emergency stay before Respondents can be heard in opposition. Nor has Petitioner offered any discussion in support of his request to enjoin his transfer.

In its discretion, however, the Court will require that if Respondents intend to remove Petitioner from the United States prior to the conclusion of this matter, they must file and serve a notice of their intent to remove him in advance, so as to afford Petitioner a reasonable opportunity to file a motion for a stay of removal. Accordingly,

**IT IS ORDERED:**

(1) Petitioner's Emergency Motion for a Stay of Removal (Doc. 2) is **denied without prejudice**.

(2) If Respondents intend to remove Petitioner from the United States prior to the Court's disposition of this matter, Respondents must file a "Notice of Intent to Remove" with the Clerk of Court and serve a copy on Petitioner at least **10 days** prior to the scheduled date of removal.

(3) The Clerk of Court shall **email** a copy of this Order to the Immigration TRO Distribution List.

(4) The Clerk of Court shall **serve**: (1) a copy of the Summons, (2) the Petition (Doc. 1), (3) the Emergency Motion for a Stay of Removal (Doc. 2), and (4) this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to

Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court shall also send by certified mail a copy of the Summons, the Petition, the Emergency Motion for a Stay of Removal, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents Wolf, Barr, Albence, Cuccinelli, Lucero, and Keeton pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(5) Respondents shall have **30 days** from the date of service to answer the Petition (Doc. 1). Respondents shall not file a dispositive motion in place of an answer absent leave of Court.

(6) Petitioner shall have **15 days** from the filing of Respondents' Answer to the Petition to file a Reply. Failure to file a Reply may be deemed as consent to the denial of the Petition on the grounds presented in Respondents' Answer.

(7) Petitioner must file a "Notice of Change in Status" with the Clerk of Court within **5 days** of any material change in Petitioner's immigration or custody status. Petitioner may not include a motion for other relief with the Notice.

(8) This matter is **referred** to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 10th day of January, 2020.

James A. Teilborg
Senior United States District Judge